DAVID BANIE (Bar No. 217924)(*david.banie@dlapiper.com*)
AARON WAINSCOAT (Bar No. 218339)(*aaron.wainscoat@dlapiper.com*)
ISELA CASTANEDA (Bar No. 223971)(*isela.castaneda@dlapiper.com*)
RAJIV DHARNIDHARKA (Bar No. 234756)(*rajiv.dharnidharka@dlapiper.com*)
**DLA PIPER RUDNICK GRAY CARY US LLP**
2000 University Avenue
East Palo Alto, CA  94303-2248
Tel:    650.833.2000
Fax:   650.833.2001

STEPHANIE STEVENS (Bar No. 236034)(*stephanies@lawfoundation.org*)
**FAIR HOUSING LAW PROJECT**
111 West Saint John Street, Suite 315
San Jose, CA  95113
Tel:    408.280.2402
Fax:   408.293.0106

Attorneys for Plaintiff
ARLENE VALDEZ

*E-filed 9/8/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLENE VALDEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation, PRIMEWEST RESIDENTIAL LOANS, INC., a California corporation, HABIBULLAH M. KHAN, an individual, SAVINDAR K. KATTAURA, an individual, and DOES 1-100, inclusive,<br><br>            Defendants. | CASE NO. C06-02541 JF (HRL)<br><br>**STIPULATED PROTECTIVE ORDER AMENDED BY COURT** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on

-1-

all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection under F.R.Civ.P. 26(c).

The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.9  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The court will retain jurisdiction to enforce the terms of the order for 6 months after final termination of the action.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other

-3-

1  portions of the material, documents, items, or communications for which protection is not
2  warranted are not swept unjustifiably within the ambit of this Order.
3      Mass, indiscriminate, or routinized designations are prohibited.
4      If it comes to a Party's or a non-party's attention that information or items that it
5  designated for protection do not qualify for protection at all, or do not qualify for the level of
6  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
7  withdrawing the mistaken designation.
8      5.2   Manner and Timing of Designations. Except as otherwise provided in this
9  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
10 material that qualifies for protection under this Order must be clearly so designated before the
11 material is disclosed or produced.
12     Designation in conformity with this Order requires:
13     (a)   for information in documentary form (apart from transcripts of depositions
14 or other pretrial or trial proceedings), that the Producing Party affix the legend
15 "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of
16 the material on a page qualifies for protection, the Producing Party also must clearly identify the
17 protected portion(s) (e.g., "CONFIDENTIAL").
18     A Party or non-party that makes original documents or materials available for
19 inspection need not designate them for protection until after the inspecting Party has indicated
20 which material it would like copied and produced. During the inspection and before the
21 designation, all of the material made available for inspection shall be deemed
22 "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and
23 produced, the Producing Party must determine which documents, or portions thereof, qualify for
24 protection under this Order, then, before producing the specified documents, the Producing Party
25 must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains
26 Protected Material. If only a portion or portions of the material on a page qualifies for protection,
27 the Producing Party also must clearly identify the protected portion(s) (e.g., by making
28 appropriate markings in the margins) and must specify, for each portion ( "CONFIDENTIAL")

1  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the Person to whose "CONFIDENTIAL" material the deponent has had access, said counsel shall designate within thirty days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing any "CONFIDENTIAL" information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within thirty days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" material.

(b)   <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) Pages of transcribed deposition testimony or exhibits to depositions that reveal

Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

In the event any Receiving Party having possession, custody or control of any "CONFIDENTIAL" material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such Receiving Party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order in suficient time within which the Designating Party may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable procedures sought. The Designating Party shall have the burden of defending against such subpoena, process, or order. The Receiving Party shall be entitled to comply with it except to the extent the Designating Party has promptly notified the Receiving Party of its intent to take immediate legal action to quash the subpoena, in which case the Receiving Party shall not produce such documents while such legal proceedings are pending or if the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 17, 2006

_____
RAJIV DHARNIDHARKA
Attorneys for Plaintiffs
ARLENE VALDEZ

DATED: August 17, 2006

_____
CHRISTINE JOHNSON
Attorneys for Defendant
DOWNEY SAVINGS AND LOAN
ASSOCIATION, F.A.

DATED: August 19, 2006

_____
DAVID BONACCORSI
Attorneys for Defendant
PRIMEWEST RESIDENTIAL LOANS, INC.,
HABIBULLAH M. KHAN and SAVINDAR
K. KATTAURA

///
///
///

PA\104696272
-10-
STIPULATED PROTECTIVE ORDER – U.S.D.C. No. District, Case No. C 06 02541 JF (HRL)

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  DATED: __ 9/8/06 _____        _____
3                                           HON. HOWARD R. LLOYD
4                                           United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Arlene Valdez v. Downey Savings and Loan Association, et* al, Case No. C06-02541 JF (HRL). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
           [signature]