**E-Filed 2/5/09**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ARLENE VALDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, a California corporation, PRIMEWEST RESIDENTIAL LOANS, INC., a California corporation, HABIBULLAH M. KHAN, an individual, SAVINDAR K. KATTAURA, an individual, ROMEO DE LA CRUZ, an individual, SEAN MCGIVERN, an individual, and DOES 1-100, inclusive,<br><br>    Defendant. | Case Number C 06-2541 JF (HRL)<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[re: docket no. 144] |

    Plaintiff Henry Valdez ("Plaintiff"), who substituted as the plaintiff in this action following the death of his mother, Arlene Valdez, moves for an award of attorneys' fees and costs against Defendants Primewest Residential Loans, Inc. ("Primewest"), Habibullah M. Khan ("Khan"), and Savindar K. Kattaura ("Kattaura") pursuant to the Real Estate Settlement

---

[1] This disposition is not designated for publication in the official reports.

Procedures Act, 12 U.S.C. 2607(d)(5) ("RESPA"). Defendants have not filed opposition. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

On October 3, 2008, this Court entered default judgment against Defendants Primewest, Khan, and Kattaura in the amount of $39,927.21. Plaintiff now seeks attorneys' fees in the amount of $163,528.75 and costs in the amount of $1,051.24.

## II. LEGAL STANDARD

Attorneys' fees are not granted unless authorized by statute. *Buckhannon Board and Care Home v. West Virginia Dep't of Health and Human Services*, 532 U.S. 598, 602 (2001). RESPA aptly states that "the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. 2607(d)(5).

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The factors initially considered when determining the appropriate number of hours and the appropriate hourly rate are:
"(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, ... (4) the results obtained," *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), *reinstated,* 886 F.2d 235 (1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990), and (5) the contingent nature of the fee agreement, *City of Burlington v. Dague*, 505 U.S. 557, 565-67, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992)." *Morales v. City of San Raphael*, 96 F.3d 359, 364n9 (9th Cir. 1997). The twelve *Kerr* factors[2] then are applied to the resulting lodestar value to determine its reasonableness.

---

[2] The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

1  The party seeking the fee bears the burden of documenting the appropriate hours
2  expended in the litigation and must submit evidence in support of those hours worked. *Gates*,
3  987 F.2d at 1398-99. Attorneys' fees may be awarded even though a client did not pay fees
4  directly to the legal services agency that represented the client. *Hariston v. R&R Apartments*, 510
5  F.2d 1090, 1092-93 (7th Cir. 1975). Moreover, the losing party is not insulated from paying fees
6  because the successful party is publicly funded and does not charge their clients for services
7  rendered. *Beverly Hills Prop. V. Marcolino*, 221 Cal. App. 3d, Supp 7 (1990).

### III.  DISCUSSION

Plaintiff seeks a total of $164,579.99 in attorneys' fees and costs. Kyra Kazantzis states in her declaration that she and her staff at the Fair Housing Law Project spent more than 495.15 hours on this matter. She represents that the prevailing market rates for the time and quality of her team's members range from $150 to $525 per hour depending on experience and role. In total, Plaintiff requests the following attorneys' fees, based on information provided in the Declaration from Michael Reedy:

| Name | Position | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| Kyra Kazantzis | Attorney | 2.5 | $525.00 | $1312.50 |
| Kerstin Arusha | Attorney | 7.1 | $425.00 | $3017.50 |
| Annette Kirkham | Attorney | 3.1[3] | $400.00 | $1240.00 |
| Moses Diaz | Attorney | 70.1 | $375.00 | $26,287.50 |
| Kim Pederson | Attorney | 100.8 | $350.00 | $35,280.00 |
| Melissa Morris | Attorney | 12.7 | $350.00 | $4,445.00 |
| Stephanie Stevens | Attorney | 269.25 | $325.00 | $87,506.25 |
| Nuemi Guzman | Administrator | 29.6 | $150.00 | $4,440.00 |
| TOTAL | -- | 495.15 | -- | $163,528.75 |

---

[3]The value of 3.1 appears in the Exhibit and the Declaration of Kyra Kazantzis at ¶5, but is mis-entered as 3.4 in the table set forth in Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorney Fees and Costs at page 7.

A.      Reasonableness of Hours Expended by Plaintiff's Counsel

The hours expended by Plaintiff's counsel appear reasonable. Exhibit A[4]. Counsel reduced their actual hours from 545.75 to 494.15 in order to exclude excessive, redundant, or otherwise unnecessary hours. Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorney Fees and Costs at 7. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Moreover, the DLA Piper attorneys participating in the case agreed to take the case on a pro bono basis and have not requested reimbursement for any attorneys' fees or costs. Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorney Fees and Costs at 8.

B.      Reasonableness of Counsel's Hourly Rate

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 .3d 973, 971 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiff has provided the Court with a declaration another attorney practicing in San Jose stating that the prevailing rate ranges from $150 to $525 an hour in this district depending on role and experience. *See* Declaration of Michael Reedy in Support of Plaintiff's Motion for Attorney Fees and Costs.

Pursuant to the foregoing, the Court will award fees to Plaintiff for 495.15 hours. Applying the lodestar formula, the Court concludes that Plaintiff is entitled to $163,528.75 in attorneys' fees. Plaintiff also is entitled to $1,051.24 in costs.

---

[4]Reference Exhibit superceding Exhibit A in Kyra Kazantzis Declaration at docket entry number 145.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorneys' fees and costs is GRANTED as set forth above.

DATED: February 5, 2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Aaron Wainscoat aaron.wainscoat@dlapiper.com, celestine.seals@dlapiper.com

Isela Castaneda isela.castaneda@dlapiper.com

James Gerald Schwartz jim@jgschwartz.com, bella@jgschwartz.com, roberta@jgschwartz.com

Jessica Lynn Fry jessicaf@lawfoundation.org

Joshua David Brysk josh@jgschwartz.com, bella@jgschwartz.com

Kimberly Pederson kimp@lawfoundation.org

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Rajiv Sajjan Dharnidharka rajiv.dharnidharka@dlapiper.com, trina.walker@dlapiper.com

Stephanie Sidra Alexandre Stevens sastevens@justice.com

Yakov M. Zolotorev yakov.zolotorev@dlapiper.com, deborah.brown@dlapiper.com

Case No. C 06-2541 JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX2)